UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CHRISTOPHER DOWD,

                        Plaintiff,

v.                                    Civil Action No. _____

MERCANTILE ADJUSTMENT BUREAU, LLC.,

                        Defendant.

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff Christopher Dowd is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant Mercantile Adjustment Bureau, LLC., (hereinafter "Mercantile") is a domestic business corporation organized and existing under the laws of the State of New York and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant regularly attempts to collect debts alleged to be due another.

7. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

8. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

9. That Plaintiff incurred a debt to SUNY University at Buffalo. This debt will be referred to as "the subject debt."

10. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

11. That upon information and belief Defendant was employed by the SUNY University at Buffalo to collect on the subject debt.

12. That on or about March 26, 2010, Defendant first contacted Plaintiff by letter. In the subject letter Defendant stated that the subject debt had been placed with Defendant for collections, and stated the amount of the subject debt as $2285.95. After receiving the abovementioned letter, Plaintiff contacted Defendant and informed Defendant that he was make payments of $50 a month to Defendant in an attempt to try and pay down the debt.

13. That in or about May 2010, Defendant began calling Plaintiff and Plaintiff's family, and Plaintiff's place of employment, in an attempt to collect on the subject debt.

14. That in or about May 2010, Defendant contacted Plaintiff's mother. In the subject conversation Defendant disclosed that Plaintiff owed a debt. Prior to Defendant's disclosure Plaintiff's mother was unaware that Plaintiff owed a debt. Said call was made to Plaintiff's mother despite Defendant already having Plaintiff's contact proper contact information and setting up a payment plan.

15. That in or about May 2010, Defendant continued to contact Plaintiff's mother, despite Defendant already having Plaintiff's contact information; and despite Plaintiff's mother not requesting any additional contacts.

16. That in or about May 2010, Defendant began contacting Plaintiff at his place of employment. Plaintiff spoke with Defendant representative "Helen Washington." In the subject conversation Defendant stated that he was not allowed to receive personal calls at work because it was inconvenient and forbidden by his employer. Thereafter the conversation was terminated.

17. That despite Plaintiff's request to discontinue calls to his place of employment, Defendant continued to call.

18. That on or about November 11, 2010, Plaintiff received a letter from Defendant. In the subject letter Defendant stated that Plaintiff's current balance was $2,169.33. The balance given by Defendant was incorrect. At this time, Plaintiff had made four monthly

2

payments of $50 for a total of $200. The proper balance of the subject debt should have been $2,085.95, and not $2,169.33 as stated in Defendant's letter dated November 11, 2010.

19. That on or about November 23, 2010, Defendant representative "Helen Washington," contacted Plaintiff at his place of employment. In the subject conversation Plaintiff again requested that Defendant stop contacting him at work. Defendant then attempted receive a lump sum payment of the entire amount of debt from Plaintiff. Plaintiff stated at the moment he could only continue to pay $50.00 per month, and that he no longer wanted to deal with Defendant representative "Helen Washington," and asked to speak with a different representative. Defendant then became aggressive and confrontational, and refused to acknowledge that Plaintiff was already making payments on the subject debt. Defendant then accused Plaintiff of refusing to pay the subject debt and told Plaintiff that the creditor would be informed Plaintiff refused to pay the subject debt. Defendant then hung up on Plaintiff.

20. That despite Plaintiff's second request on or about November 23, 2010, for Defendant to cease all calls to Plaintiff's place of employment, Plaintiff continued to receive calls at work.

21. That as a result of Defendant's acts Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

## V. CAUSE OF ACTION

22. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 21 above.

23. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

   A. Defendant violated 15 U.S.C. §1692b(2) by contacting Plaintiff's mother and disclosing that Plaintiff owed a debt.

   B. Defendant violated 15 U.S.C. §1692b(3) by contacting Plaintiff's mother more than once without being requested that Defendant do so.

   C. Defendant violated 15 U.S.C. §1692c(a)(1), 15 U.S.C. §1692c(a)(3), and 15 U.S.C. §1692d by continuing to contact Plaintiff at his place of employment after Defendant was informed that the calls were inconvenient and forbidden by Plaintiff's employer. The natural consequence of said action was to harass, oppress, and abuse the Plaintiff.

   D. Defendant violated 15 U.S.C. §1692e and 15 U.S.C. §1692e(2) by misrepresenting the remaining balance of the subject debt in the letter dated November 11, 2010.

3

E. Defendant violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(10), and 15 U.S.C. §1692d by refusing to acknowledge that Plaintiff was already making payments towards the subject debt and stating that the creditor would be informed that Plaintiff was a refusal to pay. The natural consequence of said false, deceptive, and misleading representation was to harass, oppress, and abuse the Plaintiff, and was an unconscionable means to collect the subject debt.

24. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

(a) Actual damages;

(b) Statutory damages for pursuant to 15 U.S.C. § 1692k.

(c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(d) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: April 12, 2011

/s/ Seth J. Andrews
Kenneth R. Hiller, Esq.
Seth J. Andrews, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: khiller@kennethhiller.com
sandrews@kennethhiller.com

4